United States District Court
Southern District of Texas
**ENTERED**
August 23, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MYEISHA DESHA WILLIAMS, *Individually and as the Independent Administrator of the Estate of* CAMERON TROY ALLEN, *a Minor, Deceased,* | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-24-2608 |
| AMANDA CHARLENE WHITE, WIHLOIT PROPERTIES, INC., MOUNTAIN BOULEVARD HOUSING, LLC, AND MOUNTAIN BOULEVARD APARTMENTS, LP *d/b/a* KIMBERLY POINTE APARTMENTS, | § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 4).

Having considered the motion, submissions, and applicable law, the Court

determines the motion should be granted.

## I. BACKGROUND

This is a premises liability and wrongful death case. On July 1, 2022, Plaintiff

Myeisha Desha Williams' ("Williams") son, Cameron Troy Allen (the "Decedent"),

was fatally shot attending a pool party located on Airtex Drive in Houston, TX

(hereinafter "the Premises"). Williams contends that Defendant Amanda Charlene White ("White"), the onsite property manager, and Defendants Wilhoit Properties, Inc., Mountain Boulevard Housing, LLC, and Kimberly Pointe Apartments, the owners of the Premises, failed to engage in reasonable measures to ensure the safety of invitees on the Premises, resulting in the death of the Decedent.

Based on the foregoing, on June 7, 2024, Williams filed suit against Defendants in the Harris County District Court for the 152nd District, bringing claims for negligence, premises liability, and wrongful death. On July 12, 2024, Defendants removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. On July 29, 2024, Williams moved to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A removing party must show both the existence

of federal jurisdiction and the propriety of removal. *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

## III. LAW & ANALYSIS

Williams moves to remand this case to state court, contending Defendants have improperly removed this case under diversity jurisdiction. Defendants contend that White, a resident of Texas and manager of the Premises, was improperly joined. Defendants further contend that White is not a proper party to this case because: (1) she owed no independent duty to Williams; and (2) was not personally responsible for any unsafe conditions on the property, and thus, her citizenship should be ignored in determining whether diversity jurisdiction exists. Considering the Fifth Circuit's clear guidance that "the removing party bears the burden of showing that federal

3

jurisdiction exists, and that removal was proper," *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), the Court will now consider whether Defendants have met their burden in showing that White was improperly joined.

The Fifth Circuit has made clear that improper joinder must be determined based on an analysis of the causes of action alleged in the complaint at the time of removal. *Manguno*, 276 F.3d at 723. In evaluating a claim for improper joinder, the Court will determine whether a possibility exists that a Plaintiff may prevail on the merits of their claim. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). In cases where there is no claim of fraud in the pleadings, the removing party must show there exists "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 567, 573 (5th Cir. 2004). In determining whether the plaintiff has stated a valid state law cause of action, the Court may conduct a Rule 12(b)(6) analysis by applying the federal pleading standard evaluating whether a plaintiff's pleading contains sufficient facts to state a plausible claim of relief. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Williams contends that she has asserted a facially plausible state court claim against White such that her joinder is proper. Williams further contends that White in her role as property manager, possessor, and occupier of the Premises, knew or should have known of the condition of the Premises and the dangers it presented and should have acted with a reasonable duty of care to make the Premises safe from criminal acts. Williams also argues that Texas law makes clear that when an individual commits a tort while acting in a corporate capacity, both the corporation and the individual can be held personally liable. *See Transcor Astra Group, S.A. v. Petrobras America Inc.*, 650 S.W.3d 462, 479 (Tex. 2022); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Defendants contend that White owed no independent legal duty to Williams recognized under Texas jurisprudence to make reasonable efforts to prevent third-party criminal acts. Defendants also contend that White had no personal involvement in creating the dangerous condition that resulted in the untimely death of the Decedent. Defendants also cite various persuasive authority as examples to support the proposition that White has breached no legal duty to Williams.

The Court finds that Williams has plead sufficient factual content that allows the court to draw an inference that there is a possibility that White is liable to Williams in her role as property manager at the Premises. First, Williams' complaint establishes that White was the onsite property manager, in charge of directing

management and security of the Premises.[1] Second, Williams alleges that White knew of the condition of the Premises and the dangers it presented, and independently had a duty to use ordinary care to implement security measures or maintain adequate security devices such as fencing to prevent unauthorized entry to the Premises.[2] Third, Williams alleges that the Decedent's fatal injuries at the Premises were the direct and proximate result of White's failure to exercise ordinary care in her duties on the Premises.[3] Defendants do not contest any portion of the facts alleged in Williams' complaint, instead only arguing that White owed no individual duty to Williams and had no personal involvement in creating a dangerous condition. Based on the foregoing, the Court finds that Defendants have failed to demonstrate there is no possibility of recovery by Williams against White, as is required by the Fifth Circuit.

There is no other means for this Court to assert subject matter jurisdiction over this case. Having considered Defendants' assertion of improper joinder and establishing that the non-diverse White was properly joined in this action, the Court notes that White's inclusion as a defendant destroys the complete diversity necessary to maintain jurisdiction. The Court also notes there is no other basis for federal

---

[1] *Plaintiff's Original Petition*, Document No. 1 at ¶ 8, 16, 26.

[2] *Plaintiff's Original Petition*, Document No. 1 at ¶ 34.

[3] *Plaintiff's Original Petition*, Document No. 1 at ¶ 26, 27, 34.

subject matter jurisdiction. Accordingly, Williams' motion to remand this action to the Harris County District Court for the 152nd Judicial District is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 4) is **GRANTED**. This case is hereby **REMANDED** to the Harris County District Court for the 152nd District.

SIGNED at Houston, Texas, on this __22__ day of August, 2024.

DAVID HITTNER
United States District Judge